*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, BAKER, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Javonte R. JACKSON**
Culinary Specialist Second Class (E-5), U.S. Navy
*Appellant*

**No. 202100087**

_____

Decided: 25 April 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Kimberly J. Kelly

Sentence adjudged 11 December 2020 by a general court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for six months, and a bad-conduct discharge.

For Appellant:
*Captain Jasper W. Casey, USMC*

For Appellee:
*Captain Tyler W. Blair, USMC*
*Major Clayton L. Wiggins, USMC*

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of violation of a lawful general order and assault consummated by a battery in violation of Articles 92 and 128, Uniform Code of Military Justice [UCMJ],[1] for sexually harassing four junior Sailors and assaulting a fifth. In his sole assignment of error, he asserts that his punitive discharge is inappropriately severe, arguing that he put on a strong case in extenuation and mitigation, was remorseful, and acknowledged that he showed poor judgment. We affirm the findings and sentence.

## I. BACKGROUND

Between June 2018 and April 2019, while assigned to USS *Carl Vinson* (CVN 70), Appellant sexually harassed four of his subordinate Sailors on multiple occasions. He made sexual jokes and comments, questioned them about their sex lives, used sexually explicit language in their workspaces, and shared details describing his own sex life. He later admitted that his actions were offensive and unwelcome, made the Sailors he supervised feel uncomfortable, and created a hostile work environment, which impacted their ability to perform their duties and was detrimental to good order and discipline.

In May 2019, Appellant and his wife held a church dance routine practice at their home. One of Appellant's female subordinates attended the practice. When the practice concluded, Appellant walked the Sailor to her car. As she turned to get into her car, he grabbed her hand and moved it toward his lower stomach area. In doing so, he restrained her and prevented her from leaving, which made her uncomfortable and upset. He acknowledged that the Sailor did not consent to this act and that his actions caused her bodily harm.

Appellant subsequently entered into a plea agreement, in which he agreed to plead guilty to the above-described offenses in exchange for the convening authority agreeing to a confinement range of four to nine months and to withdraw and dismiss other specifications charging Appellant with sexual offenses.

---

[1] 10 U.S.C. §§ 892, 928.

The agreement placed no limitation on the military judge's ability to adjudge a punitive discharge or reduction in rank.

## II. DISCUSSION

We review sentence appropriateness de novo.[2] This Court may only affirm "the sentence, or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved."[3] In exercising this function, we seek to assure that "justice is done and that the accused gets the punishment he deserves."[4] The review requires an "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender."[5] In making this assessment, we analyze the record as a whole. We have significant discretion in determining sentence appropriateness, but we may not engage in acts of clemency.[6]

Appellant's punishment was the predictable result of the plea agreement he negotiated and voluntarily entered into with the convening authority. As Appellant acknowledged at trial, the agreement provided that Appellant could be sentenced to the full range of punitive discharge options—from no discharge to a dishonorable discharge—and limited confinement to a period of between four and nine months. Thus, under the terms of the agreement the military judge could have sentenced Appellant to nine months' confinement and a dishonorable discharge. Instead, she adjudged a sentence that included only a bad-conduct discharge and six months' confinement. This sentence was well within the parameters of the plea agreement, and as we have previously stated, "we generally refrain from second guessing . . . a sentence that flows from a lawful pretrial agreement . . . ."[7]

---

[2] *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006).

[3] Article 66(d)(1), UCMJ.

[4] *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

[5] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted).

[6] *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

[7] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172 at *7 (N-M. Ct. Crim. App. Mar. 22, 2016) (unpublished); *see also United States v. Casuso*, No. 202000114, 2021 CCA LEXIS 328 at *8 (N-M. Ct. Crim. App. June 30, 2021) (unpublished) (questioning an appellant's "claim of inappropriate severity when the sentence he received was within the range of punishment he was expressly willing to accept in exchange for his pleas of guilty").

Irrespective of the plea agreement, in light of the serious and repeated nature of Appellant's misconduct, which adversely impacted the service of five Sailors and the Navy's accomplishment of its mission, we find that the sentence including six months' confinement and a bad-conduct discharge is just, and that Appellant received the punishment he deserves. Despite evidence of his difficult childhood and prior record of good service, the evidence reveals an 11-month course of unwanted sexual advances by Appellant that included not only propositioning his subordinates for sex, but also touching their private areas and trying to make them touch his without their consent. As a result, the victims suffered significant mental pain and anxiety. After reviewing the record as a whole, we find that the sentence is correct in law, appropriately reflects the matters in aggravation, extenuation, and mitigation presented, and should be approved.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[8]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[8] Articles 59 & 66, UCMJ.